UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62333-CIV-DAMIAN

ADELINA ALONDRA MARTINEZ,

      Plaintiff,

v.

PHILIPPE JULES, and RUAN
TRANSPORT CORPORATION,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE [ECF NO. 12]

**THIS CAUSE** is before the Court on Plaintiff, Adelina Alondra Martinez's ("Plaintiff"), Motion for Voluntary Dismissal Without Prejudice [ECF No. 12 ("Motion")], filed March 29, 2026. [ECF No. 13].

THE COURT has reviewed the Motion, the Response [ECF No. 14], and the pertinent portions of the record and is otherwise fully advised. For the reasons that follow, this Court finds that the Motion is due to be granted.

### I.   BACKGROUND

On September 3, 2025, Plaintiff filed a Complaint in the Seventeenth Judicial Circuit Court in Broward County, Florida, against Defendants, Phillippe Jules ("Jules") and Ruan Transport Corporation ("RTC"), for negligence stemming from a vehicle accident that occurred in December 2024. [ECF No. 1-2]. On November 18, 2025, RTC removed the State Court action to federal court on the basis of diversity jurisdiction. [ECF No. 1]. In the Notice of Removal, RTC indicates that its co-defendant, Jules, is a resident of Broward County,

Florida, but has not yet been served and that, therefore, removal is not barred by the forum-defendant rule. *Id.* ¶ 6. Upon removal of the action to this Court, RTC filed an Answer and Affirmative Defenses together with a Motion to Dismiss the Complaint or, in the alternative, for a More Definite Statement of Claim, as an exhibit to its Notice of Removal. [ECF No. 1-20].[1]

On December 29, 2025, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice as to both Defendants. [ECF No. 8]. On January 7, 2026, this Court entered an Order dismissing, without prejudice, Plaintiff's claims against Jules as he had not yet filed an answer or a motion for summary judgment.[2] *See* ECF No. 9. In that same Order, this Court directed Plaintiff to file, by January 28, 2026, a stipulation of dismissal, in compliance with Rule 41(a)(1)(A)(ii), as to RTC since it had filed an Answer, and administratively closed the case. After the time for compliance passed and the parties did not submit the required stipulation, this Court entered an Order Requiring Compliance with the January 7th Order

---

[1] RTC's motion to dismiss, embedded within its Answer, is procedurally improper. *See Casa Express Corp. v. Bolivarian Rep. of Venezuela*, No. 21-cv-23103, 2023 WL 3686779, at \*2 (S.D. Fla. May 26, 2023) (Bloom, J.) (refusing to consider a motion to dismiss filed concurrently with an answer and finding that the defendant waived his right to file a Rule 12(b) motion to dismiss by filing his responsive pleading prior to the motion to dismiss). "District Courts in the Eleventh Circuit routinely deny motions to dismiss as moot which are filed simultaneously with or after an answer is filed." *Walker v. Mead*, No. 13-CV-1894, 2014 WL 2778162, at \*3 (M.D. Fla. June 18, 2014) (collecting cases); *see also Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 19-CV-21289, 2019 WL 4863378, at \*2 (S.D. Fla. Oct. 2, 2019) (Smith, J.) ("Courts have strictly followed the use of the word 'before' in Rule 12(b), and have found motions to dismiss untimely when they were filed after or even contemporaneously with an answer.").

[2] Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that the plaintiff may dismiss an action upon the filing of a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

by February 10, 2026. *See* ECF No. 10. The Court cautioned that failure to comply will result in an order of dismissal without prejudice and without further notice. *Id.*

Shortly thereafter, on February 6, 2026, RTC filed a Notice of Objection and Motion to Strike Plaintiff's Voluntary Dismissal. [ECF No. 11]. In the Motion, RTC requests that the Court strike the Notice of Voluntary Dismissal for failure to comply with Rule 41(a)(1)(A) and reinstate the case so that it may be resolved on the merits. *See id.*

On March 29, 2026, Plaintiff filed the Motion now before this Court requesting that this Court enter an Order dismissing RTC, without prejudice, pursuant to Rule 41(a)(2). [ECF No. 12]. In the Motion, Plaintiff indicates that she re-filed a complaint against both Defendants, Jules and RTC, in the Seventeenth Judicial Circuit in Broward County. *Id.* ¶ 6. Plaintiff therefore seeks to voluntarily dismiss the instant action, without prejudice, so she can pursue her claims against both Defendants in the re-filed state court action. Plaintiff indicates in the Motion that RTC objects to the relief sought. While RTC objected to the relief requested in Plaintiff's Motion, it nonetheless failed to file a response pursuant to the Local Rules. Therefore, on April 21, 2026, this Court ordered RTC to file a response to Plaintiff's Motion by April 28, 2026, or show cause in writing why the Motion should not be granted by default. *See* ECF No. 13. RTC filed its response on April 23, 2026, reiterating the same arguments it made in the Motion to Strike Plaintiff's Notice of Voluntary Dismissal. [ECF No. 14]. The Motion to Dismiss is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41 governs the dismissal of actions. Under Rule 41(a)(1), a plaintiff may dismiss an action, without a court order, by either filing (i) a notice

of dismissal before the opposing party serves an answer or motion for summary judgment or (ii) a stipulation of dismissal signed by all parties who have appeared. If an answer or a summary judgment motion has been filed, then a plaintiff may voluntarily dismiss an action only "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such a dismissal is without prejudice unless otherwise specified by the court.

A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). "The court's task is to weigh the relevant equities and do justice between the parties." *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (quotation marks and citation omitted). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (citations omitted).

The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986) (citation and internal quotation marks omitted). "Thus a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id.* Further, district courts have "broad equitable discretion under Rule 41(a)(2)" to "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg*, 252 F.3d at 1256 (citation and quotation marks omitted).

4

### III.   DISCUSSION

With the foregoing principles in mind, this Court considers Plaintiff's Motion for voluntary dismissal, without prejudice, of the instant action.

In the Motion, Plaintiff seeks to dismiss this case under Rule 41(a)(2) in order to pursue her claims against both Defendants in state court. She argues that RTC would suffer no prejudice as this case is in its initial stages and discovery has not occurred. Plaintiff indicates that she intends to litigate her vicarious liability claim against RTC in conjunction with the negligence claim against Jules in the re-filed state court action, thereby minimizing both expenses and time spent on duplicate litigation.

In the Response, RTC objects to dismissal of either Defendant in the present matter on grounds Plaintiff is engaging in forum shopping and the case will be most efficiently resolved in federal court. RTC contends that Plaintiff's Motion is "an obvious effort to seek remand where it would not otherwise be granted." This Court disagrees.

Plaintiff initiated this action in state court against two defendants, including a forum defendant, Jules, who Plaintiff alleges was the driver of one the vehicles involved in the accident. Because RTC removed this case before Jules was served, RTC was able to avoid the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2). The forum defendant rule provides that an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

The Eleventh Circuit's decision in *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014), is instructive. In *Goodwin*, upon receiving a courtesy copy of the complaint, a non-forum

5

defendant removed the case before the plaintiff had served any of the defendants, including a forum defendant. *Id.* at 1218. The plaintiff moved to remand or, in the alternative, voluntarily dismiss the action so that she could re-file in state court. *Id.* at 1219. The Eleventh Circuit upheld the district court's decision to grant the plaintiff's motion to voluntarily dismiss, finding that dismissal did not violate the defendant's purported right of removal.[3] *Id.* at 1221. The Eleventh Circuit recognized "there is much debate regarding the proper application of [the "properly joined and served"] language in such circumstances." *Id.* at 1221 n.13. The Court stated that "[b]ecause the likely purpose of [the properly joined and served language in § 1441(b)(2)] is to prevent gamesmanship by plaintiffs, . . . we cannot believe that it constrains the district court's discretion under Rule 41(a)(2) to undo *Defendants'* gamesmanship in the circumstances at bar." *Id.*

The *Goodwin* Court noted that the plaintiff had not acted in bad faith and that the defendants did not suffer any clear legal prejudice from the district court's dismissal. *See id.* at 1222. While the court noted that the defendants lost their preferred federal forum, the court stated that on the facts of the case, that loss did not amount to clear legal prejudice, because the "[d]efendants purported right to be in federal court was based on a technicality; it was not at the core of what the removal statute protects." *Id.*

Here, it is undisputed that RTC removed this case before Jules was served, and in doing so, RTC was able to avoid the forum defendant rule that would have prevented removal *after* service on Jules was perfected. However, as instructed by *Goodwin*, RTC does not have

---

[3] The Eleventh Circuit did not analyze the district court's denial of the motion to remand because that issue was not before it on appeal. *Id.* at 1221.

an irrefutable right to have this case heard in federal court. Plaintiff has asserted a non-frivolous claim against Jules, the forum defendant, who was at all times "properly joined" and about to be served prior to removal. RTC's manipulation of the forum defendant rule and the technicality that Jules was not yet served does not shield it from this Court's power to grant Plaintiff a voluntary dismissal without prejudice under the present circumstances.

RTC also argues that Plaintiff's voluntary dismissal of Jules was improper. Resp. at 4. As noted above, after RTC removed the original State Court action to this Court, Plaintiff filed a Notice voluntarily dismissing, without prejudice, her claims against both Defendants. Because Jules had not yet filed an answer or a motion for summary judgment, Plaintiff's notice of dismissal was procedurally proper under Rule 41(a)(1)(A)(i) and operated as a voluntary dismissal, without the need for a court order, as to Jules. Therefore, Plaintiff's voluntary dismissal of Jules was proper.

This Court notes that in the pending re-filed state court action,[4] on April 22, 2026, the Defendants filed a Motion for Sanctions and to Dismiss Case, arguing that the instant case is being "actively litigated in federal court and has not been remanded."[5] Contrary to Defendants' assertion, this action was closed on January 7, 2026, and has not been meaningfully litigated since. In fact, in the last five months, there have only been five docket entries, no scheduling order has been entered, and the parties have not engaged in discovery.

---

[4] *Martinez v. Jules et al.*, No. CACE 26000359 (Fla. 17th Jud. Cir. Ct.).

[5] This Court may take judicial notice of the filings in the pending state court action. *See United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the [pleading] stage.").

Based on *Goodwin*, this Court finds that RTC will not suffer clear legal prejudice by a dismissal other than the prospect of a second lawsuit – which is already pending in state court and where both Defendants have appeared and are actively litigating. Furthermore, this Court notes that Plaintiff has not acted in bad faith. Therefore, Plaintiff's Motion is due to be granted.

## IV.    CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion for Voluntary Dismissal Without Prejudice [**ECF No. 12**] is **GRANTED**.

2.  This matter is **DISMISSED WITHOUT PREJUDICE**.

3.  Any pending motions, including Defendant's Motion to Strike [ECF No. 11], are **DENIED AS MOOT**. This case shall remain CLOSED.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 27th day of June, 2026.

                        **MELISSA DAMIAN**
                        **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

8